**351 A.2d 594.**

STATE *vs.* JOHN H. LUTHER, JOHN J. FOGARTY, LOUIS ROSS.

FEBRUARY 10, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

KELLEHER, J. This appeal is a sequel of sorts to our holding in *State* v. *Maloof*, 114 R. I. 380, 333 A.2d 676 (1975). The defendants were charged with conspiring to violate the gambling laws. Much of the evidence presented against them resulted from the use of a tap placed

on the telephone which was located in a Warwick home. The evidence indicated that Luther used the Warwick residence to receive from and relay to Fogarty and Ross bets on the so-called lottery policy numbers. Fogarty and Ross were situated in Pawtucket. A Superior Court jury returned guilty verdicts and the defendants have appealed.

The electronic intercept had been authorized by two orders issued in 1969 by the then Presiding Justice of the Superior Court. The second order authorized an extension of the initial intercept for an additional period of time. The defendants filed a motion to suppress the evidence and the motion was denied. We reverse.

In *Maloof,* which also involved the use of electronically intercepted telephonic communications, we said that the citizens of this state have a double barrelled source of protection which safeguards their privacy from unauthorized and unwarranted intrusions: the fourth amendment of the Federal Constitution and the Declaration of Rights which is specified in the Rhode Island Constitution. We recognized that under the guarantees of our State Constitution, we could establish a higher standard of protection to our citizens than might otherwise be afforded under the fourth amendment. Finally, we exercised our prerogative to adopt a higher standard of protection by insisting that there be strict compliance with the explicit directives detailed in G. L. 1956 (1969 Reenactment) §12-5.1-5, which specifies the form and content which must be satisfied in order to conduct an electronic search.

Our holding in *Maloof* was motivated by the realization that "bugging" and "tapping" pose a much greater risk to one's right of privacy than a conventional physical search of one's premises or person. We were concerned with insuring that statutorily authorized electronic eavesdropping would take place only when the individual, sub-

ject to this secretive form of search and seizure, is afforded a full measure of protection.

■ Neither the original November order nor its subsequent extension contain three provisions which are specifically mandated in §12-5.1-5(b). Those provisions state that "* * * the authorization to intercept [1] shall be executed as soon as practicable, [2] shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter, and [3] must terminate upon attainment of the authorized objective * * *."

■ The state has argued that substantial compliance should be sufficient. While "substantial compliance" may be rhetorically admirable, it is constitutionally insufficient. We see no reason to change the high standards that were set just ten months ago. Accordingly, we find that the November and December 1969 orders are a nullity. The motion to suppress should have been granted. Hopefully, those charged with the responsibility of preparing authorization orders in the future will approach their task with both the pertinent statute book before them and the desire for an exacting standard of precision.

The defendants' appeals are sustained. The judgments of conviction are vacated and the case is remanded to Superior Court for further proceedings.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration or decision of this case. Mr. Justice Doris did not participate.

*Julius C. Michaelson*, Attorney General, *Judith Romney Wegner*, Special Asst. Attorney General, *J.J.B. Wigglesworth*, Special Asst. Attorney General, for plaintiff.

*Leo Patrick McGowan*, for John H. Luther; *Louis A. Mascia*, for John J. Fogarty; *Joseph A. Capineri*, for Louis Ross; *John Tramonti, Jr.*, co-counsel for all defendants.